**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4899**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

ROBERT HAROLD SCOTT, JR.,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:13-cr-00164-RGD-DEM-1)

Submitted:  September 30, 2015   Decided:  January 20, 2016

Before NIEMEYER and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Caroline S. Platt, Appellate Attorney, Suzanne V. Katchmar, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Elizabeth M. Yusi, Jay V. Prabhu, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Harold Scott, Jr., appeals his conviction for conspiracy to produce child pornography, production of child pornography, receipt of child pornography, use of interstate commerce facility to entice a minor to engage in sexual activity, and destruction of records. On appeal, Scott contends that the district court erred in admitting evidence of other acts of misconduct pursuant to Fed. R. Evid. 404(b). Finding no error, we affirm.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Byers, 649 F.3d 197, 213 (4th Cir. 2011). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b)(2); see United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997). "Rule 404(b) is viewed as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2)

2

necessary; and (3) reliable." Id. (internal quotation marks omitted). The evidence's prejudicial effect also must not substantially outweigh its probative value. Byers, 649 F.3d at 206; see FED. R. EVID. 403.

In this case, the critical issue at trial was not whether the alleged offenses had occurred, but whether Scott was the individual who had committed them. To prove identity, the Government sought to present evidence relating to Scott's prior state convictions for extortion, conspiracy, and larceny. The pattern of conduct alleged at Scott's trial was, in all material respects, strikingly similar to the conduct that underlay his state convictions. Consequently, the prior-act evidence was highly probative of identity and thus admissible under Rule 404(b). See Queen, 132 F.3d at 996-97. Moreover, the district court's careful limiting instructions to the jury mitigated any possibility of unfair prejudice. We therefore conclude that the district court did not abuse its discretion in admitting the evidence under Rule 404(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3